Citation Nr: 1508847 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 09-00 296 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for degenerative arthritis of the right hand.

2. Entitlement to a total disability rating on the basis of individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife




ATTORNEY FOR THE BOARD

B. E. Turner, II, Associate Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran served on active duty from September 1966 to August 1970. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in March 2007 by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, GA.

This case was previously before the Board in February 2010, April 2011, April 2013, and April 2014. The claim was remanded in April 2014 for notification, records, VA examination, and readjudication. 

The Veteran appeared before he undersigned Veterans Law Judge at a Board hearing held at the RO via videoconference in March 2009. At this hearing, the Veteran testified regarding entitlement to service connection for a right hand disorder and left hand disorder. The Veteran has, since the 2009 videoconference hearing, perfected appeal for a claim for TDIU. 


FINDING OF FACT

On January 27, 2015, the Board was informed that the Veteran (the appellant) died in January 2015.



CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this claim at this time. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.1302 (2014); but see Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008).


REASONS AND BASES FOR FINDING AND CONCLUSION

The appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.1302 (2014).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2012).

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008) (creating new 38 U.S.C. § 5121A, substitution in case of death of a claimant who dies on or after October 10, 2008). As provided for in this new provision, a person eligible for substitution will include "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." The Secretary will be issuing regulations governing the rules and procedures for substitution upon death. Until such regulations are issued, an eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA regional office (RO) from which the claim originated (listed on the first page of this decision).


ORDER

The appeal is dismissed.



____________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs