Citation Nr: 1518706 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 03-00 167A ) DATE
 )

On appeal from the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama


THE ISSUES

1. Entitlement to an effective date earlier than January 31, 2001, for the grant of service connection for seizure disorder.

2. Entitlement to an effective date earlier than January 31, 2001, for the grant of service connection for major depressive disorder. 

3. Entitlement to an increased rating for service-connected seizure disorder, currently rated 10 percent disabling. 

4. Entitlement to an increased rating for service-connected major depressive disorder, secondary to service-connected seizure disorder, currently rated 10 percent disabling. 

5. Entitlement to service connection for migraine headaches. 

6. Entitlement to service connection for Meniere's disease. 

7. Entitlement to service connection for hearing loss. 

8. Entitlement to service connection for lymphedema. 

9. Entitlement to service connection for a right wrist disability. 

10. Entitlement to a rating of total disability based on individual unemployability (TDIU). 


REPRESENTATION

Veteran represented by: John F. Cameron, Attorney at Law


ATTORNEY FOR THE BOARD

Heather J. Harter, Counsel


INTRODUCTION

The Veteran served on active duty from July 1953 to April 1954. 

In an October 2011 decision, the Board of Veterans' Appeals (Board), in part, denied the first two issues listed above concerning claims for earlier effective dates. The Veteran appealed to the U.S. Court of Appeals for Veterans Claims (Court). In July 2012, the Court vacated that part of the Board's 2011 decision, and dismissed the appeal based on the Veteran's death. The other 8 issues identified above were remanded by the Board in 2011, and were in the process of being developed when the Veteran passed away.



FINDING OF FACT

The Veteran died in March 2012.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2014); but see 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977 (Sept. 5, 2014) (to be codified at 38 C.F.R. pts. 3, 14, and 20). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1302).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1106). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(a)). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). 


ORDER

The appeal is dismissed.




 
MICHELLE L. KANE
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs