Citation Nr: 1527855 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 09-17 738 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to a total disability rating due to individual unemployability resulting from service-connected disability (TDIU) on an extraschedular basis. 

REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. L. Prichard, Counsel


INTRODUCTION

The Veteran served on active duty with the Army from April 1986 to July 1986 and with the Marine Corps from April 1990 to September 1993. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision issued by the Roanoke, Virginia regional office (RO) of the Department of Veterans Affairs (VA). 


FINDING OF FACT

In May 2015 the Board was notified by the RO that the Veteran died on May [redacted], 2015. 


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2014); but see 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977 (Sept. 5, 2014) (to be codified at 38 C.F.R. pts. 3, 14, and 20). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1302).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1106). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(a)). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). 


ORDER

The appeal is dismissed.




 
Mark D. Hindin
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs