**Irma I. SMITH, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–898.

United States Court of Veterans Appeals.

June 13, 1997.

Irma I. Smith, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Vito A. Clementi, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

STEINBERG, Judge:

The pro se appellant, Irma I. Smith, who is the widow of World War II veteran Joseph G. Smith, appeals a May 24, 1995, Board of Veterans' Appeals (BVA or Board) decision made after the veteran's death that denied his claims for service connection for generalized fungus infection and for a rating greater than 10% for service-connected post-traumatic stress disorder (PTSD). Record (R.) at 5–15. On November 20, 1996, the Secretary moved to dismiss the appeal for lack of jurisdiction based on the Court's opinion in *Landicho v. Brown*, 7 Vet.App. 42, 44 (1994). Although given the opportunity to do so, the appellant has not filed a pleading on the jurisdictional issues raised. For the reasons that follow, the Court will grant in part the Secretary's motion to dismiss and will vacate the Board decision.

## I. Background

The veteran had active service in the U.S. Navy from June 1942 to December 1945. R. at 36. On October 7, 1991, he filed a Notice of Disagreement (NOD) as to an August 8, 1991, Department of Veterans Affairs (VA) regional office (RO) decision granting service connection for PTSD and assigning a 10% disability rating, effective August 7, 1989. R. at 180, 193. On February 24, 1992, the veteran filed an NOD as to a January 2, 1992, VARO decision denying his September 1991 original claim for service connection for a generalized fungus infection. R. at 204, 212. On January 21, 1992, and April 7, 1993, respectively, the veteran filed a VA Form 9, Substantive Appeal to the BVA, for each claim. R. at 207, 283. On April 10, 1993, the veteran died. R. at 299.

On April 22, 1993, the appellant filed an application for dependency and indemnity compensation (DIC). R. at 286. A May 19, 1993, certification of appeal from the RO included the appellant's name as the "appellant" on the appeal for service connection for generalized fungus condition and for an increased rating for PTSD. R. at 305. A January 1994 written submission to the BVA from the American Legion, which had been the veteran's representative on these claims, "insist[ed] that the full benefit of reasonable doubt be afforded the veteran's widow by the Board" and noted that it "would be fundamentally unfair for the Board ... to deny this widow's claim for benefits for reasons not set forth in the statement of the case." Supplemental R. at 4.

In the May 24, 1995, BVA decision before us, the Board denied the veteran's two disability-compensation claims, noting that his appeal with respect to the two RO decisions was pending at the time of his death and that, pursuant to 38 C.F.R. § 20.1302, "these claims are properly before the Board and the appellate process may be completed without application from the survivors." R. at 6. The Court also noted that the appellant had filed a claim for "death benefits, claiming service connection for the cause of the veteran's death, in April 1993"; that the "death claim was denied by rating decision of May 1993"; and that "this issue is not before the Board." R. at 6. On September 14, 1995, the appellant filed a Notice of Appeal (NOA) in this Court.

## II. Analysis

### A. Secretary's Contentions

The basis of the Secretary's motion to dismiss the appeal is the death of the veteran

after appealing the denial of his claims to the Board but before the Board's May 24, 1995, adjudication of his claims. The Secretary asserts—in an apparent contradiction—that the Board's adjudication of the veteran's claims after receiving notice of his death does not alter the fact that his disability-compensation claims did not survive his death. The Secretary contends that the Board's May 1995 decision, as well as the underlying RO actions, are final and should not be vacated. The Secretary seeks dismissal of the instant appeal.

On December 4, 1996, this Court ordered the appellant to show cause why the Court should not dismiss the instant appeal under *Landicho, supra,* without also vacating the BVA decision. The Court also ordered the Secretary to file a response, including whether § 20.1302 is a viable regulation in light of *Landicho.* The appellant did not file a response to the Court's order. In the Secretary's response, he reiterates that the Court should dismiss the instant appeal and acknowledges that "in light of *Landicho,* 38 C.F.R. § 20.1302 appears to be no longer viable" and that he "would not oppose, through the Court's process, an invalidation of the said regulation." Response (Resp.) at 1. The Secretary does not specifically address the remedy (except to argue for dismissal of the appeal), if any, to be employed by the Court in light of the Board's proceeding to the adjudication of the merits of the deceased veteran's claims in this case.

### B. Law on Jurisdiction

■ "[I]t is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case *before* adjudicating the merits, that a potential jurisdictional defect may be raised by the court or tribunal, *sua sponte* or by any party at any stage in the proceedings, and, once apparent, must be adjudicated." *Barnett v. Brown,* 83 F.3d 1380, 1383 (Fed.Cir.1996); *see also Johnson (Anne) v. Brown,* 7 Vet. App. 25, 27 (1994) (per curiam order); *Zevalkink v. Brown,* 6 Vet.App. 483, 488 (1994), *aff'd,* 102 F.3d 1236 (Fed.Cir.1996) (consolidated with *Hesse v. Brown,* No. 95–7012). Accordingly, the Court always has jurisdiction to determine its jurisdiction over a case. *See Phillips v. Brown,* 10 Vet.App. 25, 30 (1997) (citing *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946)); *Breslow v. Brown,* 5 Vet.App. 560, 562 (1993).

■ This Court's appellate jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Edmonds v. Brown,* 9 Vet.App. 159, 160 (1996) (citing *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *Prenzler v. Derwinski,* 928 F.2d 392, 393–94 (Fed. Cir.1991); and *Skinner v. Derwinski,* 1 Vet. App. 2 (1990)). It has been firmly established that this Court has jurisdiction to review only those final BVA benefits decisions prior to which an NOD was filed on or after November 18, 1988, as to an underlying decision of an RO or other agency of original jurisdiction. *See* Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note); 38 U.S.C. § 7105. Furthermore, in order for the Court to have jurisdiction over a final BVA decision, pursuant to 38 U.S.C. § 7266(a), there must be a timely-filed NOA. Section 7266(a)(1) provides: "In order to obtain review by the Court of Veterans Appeals of a final decision of the [BVA], a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title [38]." 38 U.S.C. § 7266(a); *see Landicho,* 7 Vet.App. at 49.

■ Thus, the three basic prerequisites for the Court to have jurisdiction over an appeal are a final BVA decision, a post-November 17, 1988, NOD as to the VARO decision leading to that BVA decision, and a timely NOA. The Court in *Landicho* applied these basic principles in holding that the Court lacked jurisdiction to decide the merits of a veteran's disability-compensation claim after the death of the veteran. *See id.* at 47–48, 53–54. In *Landicho,* the Court held that it lacked jurisdiction to allow the substitution of a party for a veteran who had died while his or her appeal of a BVA-disallowed claim for disability compensation under chapter 11

of title 38, U.S.Code, was pending here on appeal, and dismissed the appeal because it had become moot by virtue of the death of the veteran appellant. *Id.* at 44, 54. The Court concluded that the timely filing of the NOA by the veteran in this Court rendered nonfinal the BVA decision that had been the subject of the appeal and that, at the time of the veteran's death, the Board decision on appeal then became a nullity because it was in a state of nonfinality and could no longer serve any adjudicatory purpose because the veteran's claims had died with him. *Id.* at 52.

The Court held that the appropriate remedy under such circumstances was for the Court, even though it lacked jurisdiction over the substance of the appeal from the BVA decision, to vacate the BVA decision from which the appeal was taken (and cause the underlying VARO decision(s) to be vacated as well) and then to dismiss the appeal. *Id.* at 54; *see also Hudgins v. Brown,* 8 Vet.App. 365, 368 (1995) (per curiam order), *aff'd,* No. 96–7025 (Fed.Cir. Apr. 7, 1997) (order). This was done, opined the Court, to ensure that the BVA decision and the underlying RO decision(s) would have no preclusive effect in the adjudication of any accrued-benefits claims, derived from the veteran's entitlements, that may be brought by the veteran's survivor. *See Landicho, supra; see also Hudgins, supra.* Later, in *Yoma v. Brown,* 8 Vet.App. 298 (1995), the Court, relying on *Robinette v. Brown,* 8 Vet.App. 69, 80 (1995), refined the *Landicho* remedy by holding that vacating the Board decision under such circumstances has the legal effect of nullifying the underlying RO decision, without the need for the Court to direct the BVA to vacate that RO decision. *See also Hudgins, supra.* The U.S. Court of Appeals for the Federal Circuit has specifically expressed its approval of this Court's *Landicho* holding. *Zevalkink,* 102 F.3d at 1243–44.

### C. Board Decision a Nullity in the Instant Appeal

Just as the Court in *Landicho* examined the status of the BVA decision in order to determine the Court's jurisdiction over the merits of the appeal, so the Court in the present case must consider the nature of the Board's May 1995 decision and the circumstances that obtained when it was entered. In the instant case, the veteran at the time of his death was appealing to the BVA the RO's denials of (1) an original claim for service connection for a fungus condition and (2) a claim for an increased rating for his service-connected PTSD. He had filed jurisdictionally-valid NODs as to the RO decisions that had denied each claim, had perfected his appeals to the Board, and had then died before the Board issued a decision on his two disability-compensation claims. R. at 193, 207, 212, 283, 299. After his death, the Board, in May 1995, denied his claims rather than dismissing them as not surviving his death. Thereafter, the asserted spouse of the veteran filed the NOA as to the May 1995 Board decision denying the veteran's two claims.

■ Unlike in *Landicho,* the veteran here had not filed an NOA in this Court prior to his death. Although it is clear that the Court does not have jurisdiction over the merits of the instant appeal and that normally such an appeal should be dismissed by virtue of the death of the veteran (*see Landicho,* 7 Vet.App. at 53–54), the Court, as part of its jurisdiction to decide whether it has jurisdiction, has not previously held that a BVA ruling on an appeal of a deceased claimant constitutes an erroneous assertion of jurisdiction by the Board. (The Court notes that no entity, such as the personal representative of the veteran's estate, was substituted in the veteran's stead prior to the issuance of the Board's decision, *see Zevalkink,* 102 F.3d at 1239 n. 4.) For the reasons that follow, the Court holds that the May 1995 Board decision was made without jurisdiction and was therefore not a final Board decision and that the appeal must be dismissed.

Immediately prior to his death, the veteran had filed an NOD as to each of two RO decisions that resulted in the May 1995 Board decision. As to the August 1991 RO decision granting service connection for PTSD, the veteran filed an NOD only as to the RO's failure to grant a rating greater than 10%. At the time of his death, the August 1991 RO decision (to that extent) and

January 1992 RO decision had been rendered nonfinal by his timely filing of an NOD and substantive appeal. *See* 38 U.S.C. § 7105(c) ("[i]f no [NOD] is filed in accordance with this chapter within the prescribed period, the action or determination shall become final and the claim will not thereafter be reopened or allowed, except as may otherwise be provided by regulation not inconsistent with this title"); *cf. Holland v. Brown,* 9 Vet.App. 324, 328–29 (1996) (RO decision on remand from Board does not become final, and claim remains in appellate status, if any benefits sought on appeal with respect to appealed claim remain denied); *Tablazon v. Brown,* 8 Vet.App. 359, 361 (1995) (concluding that where appellant filed NOD as to RO decision but was not furnished with Statement of the Case, RO decision "never became final" and claim remained open); *Landicho,* 7 Vet.App. at 52 (holding that timely filing of NOA rendered nonfinal the BVA decision that was subject of appeal).

■ Similar to the state of nonfinality of the Board decisions at the time of the veterans' deaths in *Landicho,* the RO decisions in the present case, to the extent that they had been deprived of finality by virtue of the veteran's having filed timely NODs, had been rendered nullities by his death while those decisions were on appeal to the BVA. To the extent that the RO decisions were rendered nullities, the Board lacked jurisdiction to render a decision on the veteran's claims in this case. The Board's having proceeded erroneously to adjudicate the veteran's claims without having jurisdiction to do so renders its decision a nullity. *Cf. Yoma, supra.* Accordingly, the Court holds, as part of its determination that it lacks jurisdiction over this appeal, that the Board's May 1995 decision is not a final decision on the veteran's disability-compensation claims.

### D. Remedy

■ As to the proper remedy to employ when an appeal has become moot—as is the case here by virtue of the death of the veteran while his case was on appeal to the Board—*Landicho* is controlling. *Landicho,* 7 Vet.App. at 54. The Court there relied on *United States v. Munsingwear, Inc.,* 340

U.S. 36, 39, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950) and quoted the Supreme Court opinion there as follows: "[The] established practice of the Court in dealing with a civil case from a court in the federal system which has become moot *while on its way here* or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." (Emphasis added.) The Supreme Court explained the purpose for vacating a judgment when a case has become moot: "[I]t is commonly utilized in precisely this situation to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *Munsingwear,* 340 U.S. at 41, 71 S.Ct. at 107. *Munsingwear* thus calls for the vacatur of an underlying tribunal's decision that was moot when rendered. Because the veteran's appeal to the Board became moot at his death, thereby rendering the Board decision a nullity because it was issued without jurisdiction over the claims, the appropriate course for the Court is to vacate the *ultra vires* Board decision, just as the Court did in *Landicho,* 7 Vet.App. at 54–55—with the legal effect of nullifying, under *Yoma, supra,* the RO decisions to the extent they were appealed.

### E. The Appellant's Accrued-Benefits Claim

■ The appellant in this case filed a timely April 1993 application for DIC, which included a claim for accrued benefits. *See* 38 U.S.C. §§ 5101(b) (claim for DIC deemed to include claim for accrued benefits); 5121(c) (application for accrued benefits must be made within one year after date of veteran's death); *see also* 38 C.F.R. § 3.1000(c) (1996); *Lathan v. Brown,* 7 Vet.App. 359, 368 (1995). An accrued benefit is a periodic payment "to which [the veteran] was entitled at death under existing ratings or decisions, or ... based on evidence in the file at date of death and due and unpaid for a period not to exceed two years...." 38 U.S.C. § 5121(a). An accrued-benefits claim asserting that a veteran's disorder was service connected incorporates any prior adjudications of the service-connection issue on claims brought by the veteran, because it derives from the veteran's service-connection claim. *See Martin (Mary Ann) v. Brown,* 7 Vet.App. 196, 198–

99 (1994); *Zevalkink,* 6 Vet.App. at 492. Because the May 1995 Board decision and the underlying RO decisions (to the extent that they were appealed) are nullities, the appellant, in pursuing an accrued-benefits claim, will not be adversely affected by those decisions in a future adjudication of an accrued-benefits claim. *Landicho, supra.* This is because an "accrued-benefits claimant stands in the exact position vis-a-vis adjudication of the deceased veteran's underlying disability-compensation claim as did the veteran immediately prior to his or her death, including all evidentiary requirements then applicable to the veteran's underlying claim and all final rating decisions then in effect." *Landicho,* 7 Vet.App. at 52 (citing *Zevalkink,* 6 Vet.App. at 492–93).

 Accordingly, the appellant's accrued-benefits claim derives from the veteran's original claims for service connection for a fungus condition and for a rating greater than 10% for PTSD, and will be based on the evidence in the file at the time of his death. *See Landicho* and *Zevalkink,* both *supra; see also Hudgins, supra* (accrued-benefits claim by survivor will have same character as claim veteran was pursuing at time of death, and adjudication of that accrued-benefits claim not affected by BVA or RO decision nullified by Court's order vacating BVA decision); *Hayes v. Brown,* 4 Vet.App. 353, 360–61 (1993) (holding that "evidence in the file at date of death" may include private hospital and examination reports submitted after date of death; permitting consideration of evidence deemed constructively in file at date of death); *Proscelle v. Derwinski,* 2 Vet.App. 629, 631–32 (1992) (claim for rating increase is an original claim even if denied previously). (The Court notes that there is no indication in the record that an accrued-benefits claim has been adjudicated by VA and that, although the May 1995 Board decision referred to a May 1993 RO decision adjudicating a DIC claim, that decision is not in the record on appeal.)

### F. Invalidity of Regulations

 Section 20.1302 of title 38 of the Code of Federal Regulation purports to give the BVA jurisdiction over appeals such as the one before the Court. That provision states: "When an appeal is pending before the Board of Veterans' Appeals at the time of the appellant's death, the Board may complete its action on the issues properly before it without application from the survivors." 38 C.F.R. § 20.1302 (1996). The effect of this regulation is to allow the claim to survive the claimant's death, and permit the Board to proceed to adjudicate the merits of the claim without a claimant. In *Landicho,* the Court considered the statutory scheme and the specific provisions in chapters 11, 13, and 51 of title 38, U.S.Code, and concluded that such scheme "creates a chapter 11 disability[-]compensation benefit that does not survive the eligible veteran's death." *Landicho,* 7 Vet.App. at 47; *see Hudgins, supra.* That holding and the Court's holding today require the invalidation, to which the Secretary has acceded (Resp. at 1) of § 20.1302. Accordingly, pursuant to the Court's authority under 38 U.S.C. § 7261(a)(3)(C) and for the foregoing reasons and in light of applicable precedent, the Court holds that § 20.1302 is invalid because it is not "in accordance with law", specifically the provisions in chapters 11, 13, and 51 of title 38, U.S.Code, as interpreted by the Court in *Landicho* and upheld by the Federal Circuit in *Zevalkink,* 102 F.3d at 1243–44.

The procedure to be followed after the death of a claimant or appellant is also addressed in 38 C.F.R. § 20.611 (1996), which states in pertinent part:

A recognized organization, attorney, agent, or person properly designated to represent a claimant or appellant will be recognized as the representative of his or her survivors for a period of one year following the death of the claimant or appellant. *A representative may also continue to act with respect to any appeal pending upon the death of the claimant or appellant until such time as a final decision has been promulgated by the Board of Veterans' Appeals.*

(Emphasis added.) For the same reasons set forth above with respect to § 20.1302 and on the same basis, the Court holds that so much of § 20.611 (the second sentence thereof) as permits an authorized representative

or survivor of the veteran (other than a personal representative of the veteran's estate) to carry on an appeal of the veteran's disability-compensation claim pending at his or her death must also be, and is hereby, invalidated.

### III. Conclusion

In view of the foregoing discussion and upon consideration of the parties' pleadings, the Court grants the Secretary's motion to dismiss. In the exercise of its jurisdiction to determine its jurisdiction, the Court holds that, because the appeal on the merits has become moot by virtue of the death of the veteran, the appellant cannot be substituted to carry on the appeal of the deceased veteran in this Court and that that appeal on the merits must be and is, therefore, dismissed for lack of jurisdiction. *See Hudgins* and *Landicho,* both *supra.* In the exercise of that same jurisdiction, the Court vacates the May 24, 1995, Board's *ultra vires* decision, which is a nullity because it was issued by the Board without jurisdiction over the appeal, *see Munsingwear, Hudgins,* and *Landicho,* all *supra;* under *Yoma, supra,* this vacatur has the legal effect of nullifying the January 1992 RO decision denying the claim for service connection for a fungus condition and the August 1991 RO decision to the extent that it denied a rating greater than 10% for service-connected PTSD, those decisions having been subsumed in the BVA decision. *See* 38 C.F.R. § 20.1104(1996); *Hudgins, supra.*

VACATED; APPEAL DISMISSED.