Citation Nr: 1132119 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 07-37 712 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Entitlement to service connection for residuals of crushing injury, left hand.


REPRESENTATION

Veteran represented by: Virginia A. Girard-Brady, Esq.


ATTORNEY FOR THE BOARD

M. Moore, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1952 to August 1955.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi, which denied service connection for residuals of a crushing injury of the left hand; and an October 2008 rating decision of the Jackson RO, which continued a noncompensable evaluation for scars of the right hand (claimed as residuals of crushing injury). In February 2007 and October 2008, the Veteran submitted notices of disagreement and subsequently perfected his appeals in November 2007 and January 2010.

In a March 2009 decision, the Board denied the Veteran's claim for service connection for his left hand disability and remanded his claim for an increased rating for his right hand disability. The Veteran appealed the Board's denial of service connection for the left hand to the United States Court of Appeals for Veterans Claims (Court). In an April 2011 memorandum decision, the Court vacated and remanded the Board's denial of service connection. However, in a May 2011 order, the Court issued an order revoking its April 2011 memorandum decision and vacating the Board's March 2009 decision, as the Veteran had died. 


FINDING OF FACT

In May 2011, VA was notified by the Veteran's attorney that the Veteran died in February 2011.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of the claim of service connection for residuals of crushing injury, left hand, at this time. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.1302 (2010); but see Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, veterans' claims do not survive their deaths. See Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.1302 (2010).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. See 38 C.F.R. § 20.1106 (2010). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008) (creating new 38 U.S.C. § 5121A, substitution in case of death of a claimant who dies on or after October 10, 2008). As provided for in this new provision, a person eligible for substitution will include "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." The Secretary will be issuing regulations governing the rules and procedures for substitution upon death. Until such regulations are issued, an eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA regional office (RO) from which the claim originated (listed on the first page of this decision). 

 (CONTINUED ON NEXT PAGE)


ORDER

The appeal is dismissed.



 
BARBARA B. COPELAND
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs