Citation Nr: 1237377 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 01-09 412A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUES

1. Entitlement to service connection for a back disability.

2. Entitlement to service connection for impotence.

3. Entitlement to a rating in excess of 30 percent for the Veteran's service-connected psychophysiological musculoskeletal reaction, with anxiety and fibromyalgia. 


REPRESENTATION

Appellant represented by: Sandra E. Booth, Attorney at Law


ATTORNEY FOR THE BOARD

B. Diliberto, Counsel

INTRODUCTION

The Veteran had active service from September 1974 to September 1978. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a July 2000 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida and a June 2004 rating decision from the RO in Cleveland, Ohio. The Veteran appealed those decisions and the case was referred to the Board for appellate review. 

In a March 2009 decision the Board denied the issues currently on appeal. The Veteran appealed to the U.S. Court of Appeals for Veterans Claims (Court). In March 2010, the Court granted a joint motion of the Veteran and the Secretary of Veterans Affairs, vacating the March 2009 decision and remanding the matter to the Board for compliance with the instructions in that motion. The Board denied the claim again in March 2011. The Veteran again appealed to the Court, which granted another joint motion for remand in August 2012. 

The Board has not only reviewed the Veteran's physical claims file but also the Veteran's file on the "Virtual VA" system to insure a total review of the evidence.


FINDING OF FACT

The Board was notified by the Social Security Administration that the Veteran died in August 2012.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of the claim at this time. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.1302 (2011). 

REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (2002); 38 C.F.R. § 20.1302 (2011).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2011). 

ORDER

The appeal is dismissed. 


____________________________________________
JOHN C. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs