Citation Nr: 1518737 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 11-15 744 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Whether new and material evidence has been received to reopen a claim of entitlement to service connection for an acquired psychiatric disorder, to include a generalized anxiety disorder with personality disorder and mild mental impairment.


REPRESENTATION

Appellant represented by: Virginia A. Girard-Brady, Esquire


ATTORNEY FOR THE BOARD

M. Purdum, Counsel





INTRODUCTION

The Veteran served on active duty from October 1950 to March 1951 with 14 days
of undated previous active service

This case comes before the Board of Veterans' Appeals (the Board) on appeal from
a December 2009 rating decision of a Department of Veterans Affairs (VA)
Regional Office (RO) which declined to reopen the Veteran's claim of entitlement to service connection for a generalized anxiety disorder.

In November 2011, the Board declined to reopen the Veteran's claim and the Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). In a March 2013 Memorandum Decision, the Court vacated the Board's decision. In January 2014, the Board remanded the claim in accordance with the Memorandum Decision. The file has now been returned to the Board for further consideration.


FINDING OF FACT

On April 17, 2015, the Board was notified that the Veteran died in January 2015.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2014); but see 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977 (Sept. 5, 2014) (to be codified at 38 C.F.R. pts. 3, 14, and 20). 





REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1302).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1106). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(a)). 










(Continued on the next page)
An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). 


ORDER

The appeal is dismissed.




 
KELLI A. KORDICH
 Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs