Citation Nr: 1829314 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 10-27 797 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a right leg condition (claimed as a right knee condition).

2. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a right pelvis condition (claimed as a right hip condition).

3. Entitlement to service connection for a left knee condition.

4. Entitlement to service connection for a left hip condition.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

L. Stepanick, Counsel


INTRODUCTION

The Veteran served on active duty from March 1975 to March 1979.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In August 2013 and March 2016, the Board remanded the current issues for further evidentiary development.


FINDING OF FACT

While the appeal was pending and prior to the issuance of a final decision, VA received notice that the Veteran passed away in February 2018.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017); but see 38 U.S.C. § 5121A (2012); 38 C.F.R. §§ 3.1010, 20.1106 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017).

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a) (2017).

An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2017).


ORDER

The appeal is dismissed.




 
S.C. KREMBS
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs