Citation Nr: 1829348 
Decision Date: 05/30/18 Archive Date: 06/12/18

DOCKET NO. 09-08 834 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to service connection for headaches to include as secondary to service-connected residuals of right eye injury and traumatic brain injury (TBI).

2. Entitlement to a disability rating in excess of 10 percent for residuals of back injury with compression fracture at T-7 and scoliosis.

3. Entitlement to an initial disability rating in excess of 40 percent for TBI.

4. Entitlement to an effective date earlier than April 9, 2013, for the award of service connection for TBI.

5. Entitlement to a total rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Daniel G. Krasnegor, Attorney at Law


ATTORNEY FOR THE BOARD

C. J. Houbeck, Counsel


INTRODUCTION

The Veteran served on active duty from July 1980 to August 1982.

These matters come before the Board of Veterans' Appeals (Board) from April 2008 and December 2009 rating decisions of the Department of Veterans' Affairs (VA) Regional Office (RO) in Roanoke, Virginia, as well as a January 2014 rating
decision of the RO in Columbia, South Carolina. Jurisdiction currently resides
at the RO in Columbia.

In June 2012, the Board remanded the Veteran's headaches, back, and TDIU
claims.

On February 28, 2018, the Board granted entitlement to service connection for migraine headaches, granted an effective date of September 28, 2007, for service connection for TBI, granted a 50 percent disability rating for migraine headaches, denied entitlement to an increased rating for TBI, and remanded the issues of entitlement to an increased rating for the back and entitlement to TDIU.


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law or when benefits were allowed based on false or fraudulent evidence. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.904 (2017). 

Prior to the issuance of the Board's February 28, 2018, determination, the appellant had died. As the Board did not have jurisdiction of this appeal at that time, the issuance of the Board's February 28, 2018, determination constitutes an error requiring vacatur. 38 C.F.R. § 20.904.

Accordingly, the February 28, 2018, Board determination is vacated in its entirety.


 FINDING OF FACT

In May 2018, the Board was notified that the appellant died on February [REDACTED], 2018.


 CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017). 


 REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017).




In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the appellant. 38 C.F.R. § 20.1106 (2017). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see also 38 C.F.R. § 3.1010(a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2017).


ORDER

The appeal is dismissed.



____________________________________________
J. W. FRANCIS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs