Citation Nr: 1829615 
Decision Date: 06/25/18 Archive Date: 07/02/18

DOCKET NO. 17-41 748 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of service connection for astigmatism/bilateral amblyopia.

2. Entitlement to service connection for a left ankle disability.

3. Entitlement to service connection for lumbar spine degenerative disc disease (DDD).


REPRESENTATION

Appellant represented by: Puerto Rico Public Advocate for Veterans Affairs


ATTORNEY FOR THE BOARD

J. Dupont, Associate Counsel
INTRODUCTION

The appellant is a Veteran who served on active duty from August 1980 to March 1989. He died in May 2018. These matters are before the Board of Veterans' Appeals (Board) on appeal from a February 2015 rating decision, which, inter alia, denied service connection for lumbar spine DDD and reopened but continued to deny service connection for astigmatism/bilateral amblyopia, and from a September 2016 rating decision which denied service connection for migraine headaches and a left ankle disability. 

[The Veteran had also initiated an appeal of the denial of service connection for migraine headaches. An August 2017 rating decision granted service connection for migraine headaches. Consequently, that matter is not before the Board.] 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDING OF FACT

In May 2018, VA was notified that the Veteran died earlier that month.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. 
§ 20.1302 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 
38 C.F.R. § 20.1106 (2017).

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 
38 C.F.R. § 3.1010(b) (2017).


ORDER

The appeal is dismissed.



____________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs