Citation Nr: 1829867 
Decision Date: 09/10/18 Archive Date: 09/24/18

DOCKET NO. 17-31 858 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) and Insurance Center in Philadelphia, Pennsylvania

THE ISSUE

Entitlement to nonservice-connected burial benefits.

REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Michael Sanford, Counsel





INTRODUCTION

The Veteran served on active duty from October 1942 to December 1945, including combat service during World War II. He died in July 2007. The appellant was his surviving spouse.

This appeal to the Board of Veterans' Appeals (Board) arose from an October 2016 decision in which the RO in Philadelphia, Pennsylvania denied the claim of entitlement to nonservice-connected burial benefits. The appellant filed a notice of disagreement (NOD) in January 2017. The RO issued a statement of the case (SOC) in May 2017 and the appellant filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in June 2017.

In November 2017, the Board denied the claim of entitlement to nonservice-connected burial benefits. The appellant, in turn, appealed the Board's denial to the United States Court of Appeals for Veterans Claims (Court). In a May 2018 order, the Court vacated the November 2017 Board decision and dismissed the appeal for lack of jurisdiction due to the appellant's death.


FINDING OF FACT

In March 2018, the Board was notified by the Social Security Administration (SSA) that the appellant died in March 2018.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the appellant. 38 C.F.R. § 20.1106. The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b). 

ORDER

The appeal is dismissed.




 
JACQUELINE E. MONROE
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs