Citation Nr: 1829950 
Decision Date: 12/20/18 Archive Date: 12/21/18

DOCKET NO. 13-29 733 ) DATE
 )
 )

On appeal from the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include post-traumatic stress disorder (PTSD).

2. Entitlement to a compensable disability rating for bilateral hearing loss, prior to June 4, 2008, and to a disability rating greater than 10 percent thereafter.

3. Entitlement to a separate compensable disability rating for diabetic nephropathy prior to February 16, 2012, and to a disability rating greater than 60 percent thereafter.

4. Entitlement to an initial compensable disability rating for diabetic retinopathy, cataracts, and macular edema.

5. Entitlement to a disability rating greater than 30 percent for coronary artery disease.



REPRESENTATION

Veteran represented by: Susan Paczak, Attorney at Law


WITNESSES AT HEARING ON APPEAL

Veteran and his sister


ATTORNEY FOR THE BOARD

Heather J. Harter



INTRODUCTION

The Veteran served on active duty from August 1962 to October 1966. He died in October 2018. 

This matter has been before the Board of Veterans' Appeals (Board) twice before, in September 2014 and again in March 2016.


FINDING OF FACT

In October 2018, the Board was notified that the Veteran died that same month.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302. 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran/appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b). We note that the Veteran's widow has already made such a filing, but that her request for substitution remains to be reviewed by the RO.


ORDER

The appeal is dismissed.



 
T. MAINELLI
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs