﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191220-52328
DATE: October 30, 2020

ORDER

The appeal is dismissed.

FINDING OF FACT

On January 16, 2020, the Board was notified that the appellant died earlier in January 2020.

CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from April 1966 to April 1969. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework. In October 2019, the Agency of Original Jurisdiction (AOJ) denied service connection for pancreatic cancer. The Veteran submitted a timely VA Form 10182 (Notice of Disagreement) in December 2019 and, in so doing, selected the direct docket. 

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants’ claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. The Board’s dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant’s death. 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes “a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ….” 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated. 38 C.F.R. § 3.1010(b).

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Goreham

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.