﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200323-74665
DATE: January 29, 2021

ORDER

The appeal as to the claims of entitlement to a disability rating in excess of 30 percent for nephrolithiasis and renal calculus (kidney stones) with residual hydronephrosis and ureterolithiasis status post nephrolithotomy with voiding dysfunction, to include entitlement to a separate compensable rating for voiding dysfunction, and entitlement to service connection for a lower back injury is dismissed.

FINDING OF FACT

In July 2020, the Board of Veterans’ Appeals (Board) received notification of the Veteran’s death in July 2020.

CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the United States Navy from June 1978 to June 1982.

These matters initially came before the Board from a March 2020 notice of disagreement under the Appeals Modernization Act (AMA), filed by the Veteran in response to two Statements of the Case issued in January 2020.

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants’ claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

(Continued on the next page)

 

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106.

The Board’s dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant’s death. 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes “a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ….” 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated. 38 C.F.R. § 3.1010(b).

 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Ryan, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.