Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200529-95551
DATE: July 14, 2021

ORDER

The appeal is dismissed.

FINDING OF FACT

On April 30, 2021, the Board was notified that the appellant died in April 2021.

CONCLUSIONS OF LAW

1. Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal as to the issue of entitlement to convalescence 100 percent secondary to reconstructive jaw surgery. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

2. Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal as to the issue of entitlement to service connection for reconstructive jaw surgery secondary to squamous cell carcinoma of the base of the tongue. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran served on active duty from September 1969 to April 1971.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. 

In a March 2020 rating decision, in relevant part, the Agency of Original Jurisdiction (AOJ) denied service connection for convalescence 100 percent disability rating secondary to reconstructive jaw surgery and for reconstructive jaw surgery secondary to squamous cell carcinoma of the base of the tongue. The Veteran submitted a timely VA Form 10182 Decision Review Request: Board Appeal (Notice of Disagreement) in May 2020 and, in so doing, selected the evidence docket. 

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106.

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated. 38 C.F.R. § 3.1010(b).

 

 

CAROLINE B. FLEMING

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board L. Connor, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.