Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 191031-41157
DATE: July 30, 2021

ORDER

Entitlement to an increased disability rating for degenerative arthritis of the lumbar spine, to include whether the reduction of the evaluation from 20 percent to 10 percent, effective December 1, 2019, was proper, is dismissed.

FINDING OF FACT

The Veteran died in October 2020.

CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104 (a); 38 C.F.R. § 20.1302.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1972 to August 1977.

The rating decision on appeal was issued in September 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the October 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. 38 U.S.C. § 7104 (a); 38 C.F.R. § 20.1302.

(Continued on the next page)

 

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106.

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010 (b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title." 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010 (a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated. 38 C.F.R. § 3.1010 (b).

 

 

C. TRUEBA

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board K. McDuffie, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.