Citation Nr: 1542446 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 09-32 114A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Whether new and material evidence has been received sufficient to reopen the claim for entitlement to service connection for advanced periodontal disease.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Scott Walker, Counsel






INTRODUCTION

The Veteran had active service from December 1979 to June 1982. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2007 administrative decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Gretna, Louisiana. The Veteran's VA claims file has since been transferred to the RO in North Little Rock, Arkansas.


FINDING OF FACT

A report from the Social Security Administration (SSA) indicates that the Veteran died on July [redacted], 2015.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015); see 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977 (Sept. 5, 2014) (to be codified at 38 C.F.R. pts. 3, 14, and 20). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. See Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1302).
In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1106). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the Veteran's death. See 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(a)). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). 


ORDER

The appeal is dismissed.



____________________________________________
MATTHEW W. BLACKWELDER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs