Citation Nr: 1546198 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 12-03 416 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Whether new and material evidence has been received to reopen the claim of entitlement to service connection for a low back syndrome.

2. Entitlement to service connection for a low back syndrome.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and Appellant's Spouse




ATTORNEY FOR THE BOARD

J. Abrams, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1982 to February 1983 with subsequent reserve service. She died in August 2015.

In June 2015, the Veteran testified at a travel board hearing before the undersigned Veterans' Law Judge (VLJ). A transcript of the hearing has been associated with the claims file.

This appeal was processed using the Virtual VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should review this electronic record.


FINDINGS OF FACT

1. The Veteran served on active duty from August 1982 to February 1983.

2. On September 10, 2015, the Board promulgated a decision in the appeal as to the claims of whether new and material evidence had been received to reopen a claim of entitlement to service connection for a low back syndrome and entitlement to service connection for a low back syndrome.

3. In September 2015, the Board was notified by the Appeals Management Center (AMC) that the Appellant had died in August 2015, prior to the promulgation of the decision.



CONCLUSIONS OF LAW

1. The September 2015 decision of the Board addressing the issues of whether new and material evidence had been received to reopen the claim of entitlement to service connection for a low back syndrome and entitlement to service connection for a low back syndrome are vacated because the Board lacked jurisdiction to consider the appeal on the merits. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. 
§ 20.904 (2015).
 
 2. Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of these claims at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015); but see 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977 (Sept. 5, 2014) (to be codified at 38 C.F.R. pts. 3, 14, and 20).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative or on the Board's own motion, when an appellant has been denied due process of law or when benefits were allowed based on false or fraudulent evidence. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. 
§ 20.904 (2015). 

Unfortunately, in this case, the Veteran died during the pendency of the appeal. As a matter of law, an appellant's claim does not survive his or her deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). 

 An appeal on the merits becomes moot by virtue of the death of the Veteran and must be dismissed due to lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).

In the present case, the Board received notice of the Veteran's death after the September 2015 decision was promulgated. Because of the Veteran's death, the Board lacked jurisdiction to adjudicate the merits of the appeal and to issue the September 2015 decision.

Accordingly, the September 2015 Board decision, as to the appeals of whether new and material evidence had been received to reopen the claim of entitlement to service connection for a low back syndrome and entitlement to service connection for a low back syndrome, must vacated.

Similarly, the Board also must dismiss the appeals of the underlying claims due to lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).

In reaching this determination, the Board intimates no opinion as to the merits of these appeals or to any derivative claims brought by a survivor of the Veteran. 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1106). 

The Board's dismissal of these appeals does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claims to completion. Such request must be filed not later than one year after the date of the veteran's death. See 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(a)). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)).





ORDER

The September 2015 decision of the Board is vacated, and the appeal is dismissed.




____________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs