Citation Nr: 1546206 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 08-33 124 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to an increased rating for service-connected diabetes mellitus with erectile dysfunction and hypertension, currently evaluated as 20 percent disabling.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

D. J. Drucker, Counsel


INTRODUCTION


The Veteran had active military service From July 1968 to October 1979.

This case initially came to the Board of Veterans' Appeals (Board) on appeal from a July 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts, that continued a 20 percent rating for diabetes mellitus with erectile dysfunction.

In August 2011, the Veteran testified during a hearing at the RO before the undersigned. A transcript of the hearing is of record.

In November 2011, the Board remanded the Veteran's case to the Agency of Original Jurisdiction (AOJ), and directed that a statement of the case (SOC) be issued as to the Veteran's claims for service connection for left lung and right elbow disorders. A SOC was issued in January 2014, but a substantive appeal was not received within 60 days of the SOC, or within one year of the February 1981 rating decision that denied the claims, and the matters were not certified for Board consideration.

A January 2014 rating decision recharacterized the Veteran's diabetes mellitus disability to include hypertension.






FINDING OF FACT

On August 31, 2015, the Board was notified by the VA RO in Boston that the appellant died in July 2015.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015); but see 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977 (Sept. 5, 2014) (to be codified at 38 C.F.R. pts. 3, 14, and 20). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1302).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1106). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(a)). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)). 


ORDER

The appeal is dismissed.




 
 Mark D. Hindin
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs