Citation Nr: 1602958 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 09-26 981 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an evaluation in excess of 10 percent for traumatic spondylolysis with secondary spondylolisthesis.

2. Entitlement to service connection for a right knee condition.

3. Entitlement to service connection for a right leg condition.

4. Entitlement to service connection for a right ankle condition.

5. Entitlement to service connection for a right foot condition.

6. Entitlement to service connection for a left ankle condition.

7. Entitlement to service connection for mild left hip degenerative joint disease.

8. Entitlement to service connection for loss of vision, right eye.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. Stepanick, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1977 to July 1980, and had active duty for training (ACDUTRA) from July 1982 to August 1982, with additional reserve service.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from July 2007, April 2009, October 2011, and November 2012 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO).

In October 2012 and February 2014, the Board remanded the issue of entitlement to an evaluation in excess of 10 percent for traumatic spondylolysis with secondary spondylolisthesis for further evidentiary development.


FINDING OF FACT

The Veteran died on December [redacted], 2015.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2015).

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2015). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2015). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2015).


ORDER

The appeal is dismissed.




____________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs