Citation Nr: 1619686 
Decision Date: 05/16/16 Archive Date: 05/27/16

DOCKET NO. 15-35 408 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Whether the effective date assigned for service connection for posttraumatic stress disorder (PTSD) in the Rating Decision dated December 8, 2008, was clearly and unmistakably erroneous.

2. Entitlement to an effective date earlier than February 10, 2009, for Basic eligibility to Dependents' Educational Assistance under 38 U.S.C. Chapter 35.


REPRESENTATION

Appellant represented by: John S. Berry, Attorney at Law


ATTORNEY FOR THE BOARD

A. Rocktashel, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from April 1969 to April 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.


FINDING OF FACT

On May 4, 2016 the Board was notified by the Department of Veterans Affairs (VA) Regional Office, in St. Petersburg, Florida, that the appellant died in April 2016.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. On May 4, 2016 the Board was notified by the Department of Veterans Affairs (VA) Regional Office, in St. Petersburg, Florida, that the appellant died in April 2016.

As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2015). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2015). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2015). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2015). 


ORDER

The appeal is dismissed.




 
DAVID L. WIGHT
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs