http://www.va.gov/vetapp16/Files3/1626430.txt

Citation Nr: 1626430 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 14-34 759A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to service connection for residuals of frostbite to the bilateral feet.

2. Entitlement to service connection for partial left foot amputation.

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

The Veteran and Witness

ATTORNEY FOR THE BOARD

J. Trickey, Associate Counsel
INTRODUCTION

The Veteran had active duty in the U.S. Army from July 1953 to July 1956. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from an August 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

Pursuant to the December 2015 Board remand, the Veteran was afforded a videoconference hearing before the undersigned in March 2016, and a transcript has been associated with the record. The record was held open for a 60 day period from the time of the hearing. 

FINDINGS OF FACT

1. On June 7, 2016, the Board issued a decision as to entitlement to service connection for residuals of frostbite to the bilateral feet and the partial left foot amputation.

2. On June 22, 2016, the Board learned that the Veteran died in April 2016.

CONCLUSIONS OF LAW

1. The June 7, 2016 Board decision addressing the issues of entitlement to service connection for residuals of frostbite to the bilateral feet and the partial left foot amputation is vacated. 38 U.S.C.A. § 7104(a)(West 2014); 38 C.F.R. § 20.904 (2015). 

2. Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law or when benefits were allowed based on false or fraudulent evidence. 38 U.S.C.A. § 7104(a)(West 2002); 38 C.F.R. § 20.904 (2015). As the Veteran died prior to the issuance of the Board's decision, the Board did not have jurisdiction to adjudicate the claims and the decision must therefore be vacated.

Unfortunately, the appellant died in April 2016, which was prior to the Board's decision on June 7, 2016. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). 

This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a)(West 2014); 38 C.F.R. § 20.1302(2015). In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106(2015). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2015). 

A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a)(2015). 

An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b)(2015).

ORDER

The June 7, 2016 Board decision is vacated, and the appeal is dismissed.

____________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs