Citation Nr: 1702617 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-03 916 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an evaluation in excess of 20 percent for diabetes mellitus with erectile dysfunction.

2. Entitlement to an evaluation in excess of 10 percent for left lower extremity
peripheral neuropathy, associated with diabetes mellitus with erectile dysfunction
for the time period prior to April 29, 2011, and in excess of 20 percent from April
29, 2011.

3. Entitlement to an evaluation in excess of 10 percent for right lower extremity
peripheral neuropathy, associated with diabetes mellitus with erectile dysfunction,
for the time period prior to April 29, 2011, and in excess of 20 percent from April
29, 2011.

4. Entitlement to a total disability rating based on individual unemployability due
to service connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: J. Michael Woods, Attorney at Law


WITNESS AT HEARINGS ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. D. Deane, Counsel


INTRODUCTION

The Veteran served on active duty from January 1966 to January 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In September 2010, the Veteran testified at a hearing before a Decision Review Officer (DRO) at the RO. The Veteran also testified at a hearing before a Veterans Law Judge (VLJ) from the Board at the RO in August 2011. Transcripts of those hearings are of record. 

In November 2011, the Board remanded these matters for additional development.

In an August 2012 rating decision, the RO assigned 20 percent evaluations for the Veteran's service-connected right and left lower extremity diabetic peripheral neuropathy, each effective April 29, 2011.

In July 2014, the Board remanded these matters for additional development.

In a June 2016 letter, the Board notified the Veteran that the VLJ who conducted his August 2011 hearing before the Board was no longer employed by the Board and advised him of the opportunity to provide testimony at another hearing before the Board. In his June 2016 response, the Veteran indicated that he did not wish to have another hearing before the Board at the RO.


FINDING OF FACT

In November 2016, the Board was notified that the appellant died in October 2016.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2016). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2016).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2016). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2016). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2016). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2016). 


ORDER

The appeal is dismissed.



 
MICHAEL MARTIN
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs