Citation Nr: 1710382 
Decision Date: 03/17/17 Archive Date: 04/11/17

DOCKET NO. 15-11 147 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUE

Entitlement to an initial disability rating in excess of 20 percent for lumbar disc herniation at L4-L5 with radiculopathy.


ATTORNEY FOR THE BOARD

A. G. Alderman, Counsel


INTRODUCTION

The Veteran served on active duty from October 1971 to October 1972.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a September 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey that granted service connection and assigned an initial 20 percent rating for the back disorder.

The current record before the Board consists entirely of electronic files known as Virtual VA and the Veterans Benefits Management System (VBMS).


FINDING OF FACT

In March 2017, the Board was notified by the Department of Veterans Affairs (VA) Regional Office that the appellant died in August 2015.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2016). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died in August 2015, during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2016).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2016). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2016). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2016). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2016). 


ORDER

The appeal is dismissed.




 
LANA K. JENG
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs