Citation Nr: 1829343 
Decision Date: 05/30/18 Archive Date: 06/12/18

DOCKET NO. 15-45 958 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Whether vacatur is warranted for the April 2018 Board of Veterans' Appeals decision that denied entitlement to service connection for gastrointestinal cancer.

2. Entitlement to service connection for gastrointestinal cancer. 


REPRESENTATION

Veteran represented by: Stacey Penn Clark, Attorney at Law


ATTORNEY FOR THE BOARD

K. Kardian




INTRODUCTION

The Veteran served on active duty in the U.S. Army from September 1980 to April 1987. 

This matter is before the Board of Veteran's Appeals (Board) on appeal from a September 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In his December 2015 VA Form 9 Substantive Appeal the Veteran requested a Board video conference hearing. However, in October 2016 correspondence he withdrew his request for a hearing. As such the Board finds this request for a hearing is withdrawn.

The Board issued a decision in April 2018 denying entitlement to service connection for gastrointestinal cancer. For the reasons discussed below, the Board is vacating its April 2018 decision herein. 

The Board was informed the Veteran died in March 2018. 

The Board has reviewed the electronic records maintained in Virtual VA and Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDINGS OF FACT

1. In April 2018, the Board issued a decision denying entitlement to service connection for gastrointestinal cancer. 

2. Additional relevant evidence was received in April 2018 and such was not considered by the Board in its April 2018 decision. 

3. On April 4, 2018, the Board received notice that the Veteran died in March 2018. 


CONCLUSIONS OF LAW

1. The criteria for vacating the Board decision issued in April 2018 that denied entitlement to service connection for gastrointestinal cancer have been met. 38 U.S.C. § 7104 (a) (2012); 38 C.F.R. § 20.904 (2017).

2. Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017); see 38 U.S.C. § 5121A (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Vacatur

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law or when benefits were allowed based on false or fraudulent evidence. 38 U.S.C. § 7104 (a); 38 C.F.R. § 20.904 (2017).

The Board is vacating the April 2018 decision, as the Veteran died in March 2018, and in April 2018 the Veteran's representative submitted additional relevant evidence prior to the issuance of the April 2018 Board decision. Thus, in light of the additional evidence submitted prior to the issuance of the April 2018 Board decision relating to the Veteran's potential in-service exposure, the Board finds its April 2018 decision that denied entitlement to service connection for gastrointestinal cancer is vacated. 

II. Death Dismissal

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, Veterans' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017).

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the Veteran for purposes of processing the claims to completion. Such request must be filed not later than one year after the date of the Veteran's death. 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office which the claim originated (listed on the first page of this decision). 38 C.F.R. 20.1302 (2017). 





 (CONTINUTED ON NEXT PAGE)




ORDER

The April 2018 Board decision denying entitlement to service connection for gastrointestinal cancer is vacated. 

The appeal for entitlement to service connection for gastrointestinal cancer is dismissed. 



____________________________________________
J. W. FRANCIS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs