Citation Nr: 1829309 
Decision Date: 05/30/18 Archive Date: 06/12/18

DOCKET NO. 12-02 291 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to an initial rating in excess of 30 percent for posttraumatic stress disorder (PTSD) prior to September 17, 2014.

2. Entitlement to an initial rating in excess of 70 percent for posttraumatic stress disorder (PTSD) from September 17, 2014.

3. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


WITNESSES AT HEARING ON APPEAL

Veteran, Ms. N.B.


ATTORNEY FOR THE BOARD

Jacquelynn M. Jordan, Associate Counsel


INTRODUCTION

The Veteran served in the U.S. Navy from April 1965 to May 1967.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a December 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon, which granted service connection for PTSD, with an assignment of a 30 percent disability rating, effective August 10, 2009. A December 2014 rating decision granted the Veteran a 70 percent rating for his posttraumatic stress disorder, effective September 17, 2014. 

In September 2012, the Veteran testified before a below signed Veterans Law Judge (VLJ) regarding the issues of an increased rating for PTSD, entitlement to service for tinnitus and entitlement to compensation under 38 U.S.C. §1151 for a left elbow condition. A transcript of the hearing is of record. The issues service for tinnitus and entitlement to compensation under 38 U.S.C. §1151 for a left elbow condition are not before the Board.

In March and May of 2015, the Veteran requested to appear at another video conference hearing. In June 2015, the Board remanded his appeal for a video conference hearing. In November 2015, the Veteran testified before another below signed VLJ regarding the issue of a TDIU which also addressed the severity of his service-connected PTSD. By law, an appeal can be assigned only to an individual VLJ or to a panel of not less than three members. See 38 U.S.C. § 7102(a). Accordingly, when a Veteran has had a personal hearing before two separate VLJs during the appeal and these hearings cover one or more common issues, a third VLJ is assigned to the panel after the second Board hearing has been held and the appeal is then ready for appellate review. In Arneson v. Shinseki, 24 Vet. App. 379 (2011), the United States Court of Appeals for Veterans Claims (Court) interpreted 38 C.F.R. §20.707 as requiring that an appellant must be provided the opportunity for a hearing before all three VLJs involved in a panel decision. In accordance with Arneson, in April 2016, the Board contacted the Veteran offering him the opportunity to have third hearing before a third VLJ. In May 2016, the Veteran indicated he wanted to appear at a third hearing via video conference before a third VLJ. Accordingly, in September 2016, the Board remanded the appeal to schedule the Veteran for a video conference, pursuant to Arneson. In April 2017, the Veteran appeared at a video conference in White City, Oregon, before the undersigned VLJ, regarding the issues of an increased rating for PTSD, rated at 30 percent, prior to September 17, 2014; an increased rating for PTSD, rated at 70 percent, from September 17, 2014 and entitlement to a TDIU. A transcript of the hearing is of record. The matter is now before the Board for adjudication.


FINDING OF FACT

On March 5, 2018, the Board was notified by the Department of Veterans Affairs (VA) Regional Office in Portland, Oregon, that the appellant died in March 2018.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017).


In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2017). 


ORDER

The appeal is dismissed.




_____________________________ ____________________________
 MARJORIE A. AUER Donnie R. Hachey
 Veterans Law Judge, Veterans Law Judge,
 Board of Veterans' Appeals Board of Veterans'Appeals




 
 Cynthia M. Bruce
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs