Citation Nr: 1829738 
Decision Date: 07/25/18 Archive Date: 08/02/18

DOCKET NO. 15-00 015 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to a disability rating in excess of 50 percent for service-connected hyperkeratosis, palmar surface of hands, heels and base of toes.

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).
 

REPRESENTATION

Appellant represented by: Amy R. Fochler, Attorney-at-Law


ATTORNEY FOR THE BOARD

S.M. Kreitlow



INTRODUCTION


The Veteran had honorable active military service from February 1968 to May 1971.
 
This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in May 2013 by a Department of Veterans Affairs (VA) Regional Office (RO). Although the Veteran requested a hearing before a member of the Board, in June 2018, he withdrew his hearing request and moved for his appeal to be advanced on the Board's docket. His motion to advance his appeal on the docket was granted.


FINDING OF FACT

On June 25, 2018, prior to promulgation of a decision in this appeal, VA received first notice of death from the Veteran's attorney advising that the Veteran had had died in June 2018. On July 18, 2018, VA verified the Veteran's death with the Social Security Administration. 


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302. 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of this appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). Therefore, this appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the Veteran for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the Veteran's death. See 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2017). 


ORDER

The appeal is dismissed.




 
M.C. GRAHAM
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs