Citation Nr: 1829799 
Decision Date: 08/20/18 Archive Date: 08/30/18

DOCKET NO. 16-10 754 ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Waco, Texas


THE ISSUES

1. Entitlement to service connection for sleep apnea.

2. Entitlement to service connection for erectily dysfunction.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Michael Wilson, Counsel



INTRODUCTION

The Veteran had active military service from September 1988 to September 1996.

This appeal to the Board of Veterans' Appeals (Board) arose from a September 2013 rating decision in which the RO denied service connection for sleep apnea and erectile dysfunction. The Veteran disagreed with the RO's decision and this appeal ensued. 

Although the record reflects that the Veteran was waiting to be scheduled for a Board hearing to be held at the RO, he died before his reqeusted hearing could be scheduled.


FINDING OF FACT

Prior to the promulgation of a decision by the Board in this appeal, VA received notice that the Veteran died in March 2018.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of his claims on appeal, at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As indicated in the Veteran's electronic claims file, notification of the Veteran's death was received through the First Notice of Death (FNOD) Program, with his death reported in March 2018. 

As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of a claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b). 


ORDER

The appeal is dismissed.




 
JACQUELINE E. MONROE
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs