Citation Nr: 1829870 
Decision Date: 09/05/18 Archive Date: 09/24/18

DOCKET NO. 07-16 986 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUES

1. Whether new and material evidence has been received to reopen the previously denied claim of entitlement to service connection for a back condition.

2. Whether new and material evidence has been received to reopen the previously denied claim of entitlement to service connection for an acquired psychiatric disorder.

3. Entitlement to service connection for chronic pain, muscle spasms, and chest contusion.

4. Entitlement to service connection for diabetes mellitus, type II.

5. Entitlement to a rating in excess of 40 percent for a right shoulder disability.

6. Entitlement to a total disability rating based on individual unemployability (TDIU) prior to August 7, 2008.

7. Entitlement to recognition of K.R. as the "helpless" child of the Veteran on the basis of permanent incapacity for self-support prior to attaining the age of 18.


ATTORNEY FOR THE BOARD

M. Thomas, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, served on active duty from February 1979 to July 1982.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from multiple rating decisions by a Department of Veterans Affairs (VA). Regional Office (RO).

In September 1998, December 1999, December 2004 and April 2015, the Board remanded this matter for additional development.

In February 1999, Court granted a Joint Motion for Remand (JMR) by counsel for the Veteran and VA, vacating, in pertinent part, the Board's September 1998 decision as to whether new and material evidence has been received to reopen the previously denied claim of entitlement to service connection for a back condition, and remanded this matter to the Board for development consistent with the JMR.

In August 2013, the Veteran executed a new power of attorney appointing Jennifer R. Morrell, Esquire, as his representative for all VA claims. This new appointment effectively revoked the Veteran's prior appointment of Paralyzed Veterans of America. See 38 C.F.R. § 14.631(f)(1). In September 2014, Ms. Morrell withdrew from this representation appointment. The Board finds that Ms. Morrell has properly revoked the representation appointment. See 38 C.F.R. § 14.631(c). The Veteran did not submit documentation appointing a new representative.


FINDING OF FACT

In July 2018, the Board was notified by the VA RO, Wilmington, Delaware, that the appellant died in July 2018.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died in July 2018, during the pendency of the appeal. See July 2018 VA Form 21P-530, Application for Burial Benefits.

As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a) (2012
); 38 C.F.R. § 20.1302 (2017).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2017). 


ORDER

The appeal is dismissed.




 
S. B. MAYS
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs