Citation Nr: 1829939 
Decision Date: 11/20/18 Archive Date: 12/06/18

DOCKET NO. 15-03 751A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUES

Entitlement to service connection for posttraumatic stress disorder (PTSD).

Entitlement to service connection for depression.

Entitlement to service connection for a back disability.

Entitlement to service connection for headaches.

Entitlement to service connection for a left foot plantar wart.

Entitlement to service connection for a heart disability.

Entitlement to service connection for a left leg disability.

Entitlement to service connection for a right leg disability.

Entitlement to service connection for a left calf disability.

Entitlement to service connection for a right calf disability.

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

B. Whitelaw, Associate Counsel


INTRODUCTION

The Veteran served honorably on active duty in the United States Marine Corps from September 1972 to September 1976.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2014 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington.

The Veteran appeared and testified before the undersigned Veterans Law Judge at a hearing held in Seattle in May 2018. 

FINDING OF FACT

On August 27, 2018, the Board was notified by the Department of Veterans Affairs (VA) Regional Office, Seattle, Washington, that the Veteran died in August 2018.



CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302. 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the Veteran's death. See 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b). 



ORDER

The appeal is dismissed.




 
JOHN Z. JONES
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs