Citation Nr: 1829952 
Decision Date: 12/28/18 Archive Date: 01/09/19

DOCKET NO. 17-38 330 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Anchorage, Alaska


THE ISSUES

1. Entitlement to service connection for acid reflux.

2. Entitlement to service connection for erectile dysfunction, claimed secondary to service-connected anxiety disorder.

3. Entitlement to an initial rating higher than 30 percent for other specified anxiety disorder.


REPRESENTATION

Appellant represented by: John S. Berry, Attorney


ATTORNEY FOR THE BOARD

K. Neilson, Counsel

INTRODUCTION

The Veteran served on active duty from April 1973 to December 1975. 

This appeal to the Board of Veterans' Appeals (Board) arose from a January 2017 rating decision in which the Veterans Benefits Administration, inter alia, denied service connection for acid reflux and erectile dysfunction, but granted service connection for an anxiety disorder, assigning a 30 percent rating. The Veteran filed a notice of disagreement (NOD) in February 2017 and a statement of the case (SOC) was issued in July 2017. The Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) that same month. 

The Board also notes that the Veteran has perfected an appeal of 10 additional service connection issues. See February 2018 SOC; March 2018 VA Form 9. However, the RO has not yet certified those issues to the Board. Therefore, the Board will not address those issues at this juncture.


FINDINGS OF FACT

In December 2017, prior to the promulgation of a decision by the Board in this appeal, he Veteran died.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of his claims for service connection for acid reflux and erectile dysfunction or for a higher initial rating for anxiety disorder at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

Unfortunately, the Veteran (the appellant) died during the pendency of the appeal. Notification of death was received through the First Notice of Death (FNOD) Program, as indicated by an April 2, 2018, report of contact. 

As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017). The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title . . . ." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2017). 



ORDER

The appeal is dismissed.



____________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs