﻿Citation Nr: AXXXXXXXX
Decision Date: 02/13/19 Archive Date: 02/12/19

DOCKET NO. 181106-1394
DATE: February 13, 2019

ORDER

Entitlement to service connection for sleep apnea is dismissed.

Entitlement to special monthly compensation based on aid and attendance is dismissed.

Entitlement to a total disability rating for compensation based upon individual unemployability due to service-connected disabilities (TDIU) is dismissed.

FINDING OF FACT

On December 26, 2018, the Board was notified that the Veteran died in December 2018.

CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from May 1969 to December 1976. The Veteran selected the Supplemental Claim lane when he submitted the RAMP election form. Accordingly, the November 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants’ claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. 

The Board’s dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. A request for substitution must be filed not later than one year after the date of the appellant’s death. 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes “a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ….” 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b).

Toward that end, the Board acknowledges that a request for substitution was filed in December 2018, but has not yet been acted on by the AOJ. 

 

ANTHONY C. SCIRÉ, JR

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Katz, Counsel