﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190314-4046
DATE: September 26, 2019

ORDER

The appeal is dismissed.

FINDING OF FACT

On June 4, 2019 the Board was notified that the Veteran died in May 2019.

CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1962 to October 1966.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). In May 2018, the Veteran elected to opt-in to the AMA through VA’s RAMP program; he chose the Higher Level Review lane. He was issued a Higher Level review decision in January 2019, and in March 2019 filed a VA Form 10182, electing to appeal the January 2019 rating decision through the Direct Review lane at the Board.

In July 2019, the Veteran’s representative withdrew his representation of the Veteran. It is unclear if he was aware of the Veteran’s passing at the time, but regardless, the Board accepts his motion to withdraw.

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, veterans’ claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106.

(Continued on the next page)

 

The Board’s dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the Veteran’s death. 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes “a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ….” 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b).

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Imam, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.