﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190814-19281
DATE: January 31, 2020

ORDER

Service connection for residuals of a chin shrapnel wound is dismissed.

Service connection for residuals of a left elbow shrapnel wound is dismissed. 

Service connection for residuals of a left hand shrapnel wound is dismissed. 

 

FINDING OF FACT

The Veteran died in December 2019, prior to the issuance of a final Board decision.

CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104; 38 C.F.R. § 20.1302. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 1966 to .

The case is on appeal from a May 2019 rating decision.

1. Service connection for residuals of a chin shrapnel wound.

2. Service connection for residuals of a left elbow shrapnel wound. 

3. Service connection for residuals of a left hand shrapnel wound. 

Unfortunately, the Veteran died during the pendency of the appeal. In January 2020, prior to a Board decision on the matter, a Social Security Administration database record was associated with the claims file that shows the Veteran passed away in December 2019. As a matter of law, appellants’ claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. 

The Board’s dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant’s death. See 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes “a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title.” 38 U.S.C. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated. 38 C.F.R. § 3.1010(b). A case returned to the Board following the grant of a substitution request or pursuant to an appeal of a denial of a substitution request assumes the same place on the docket held by the deceased appellant at the time of his or her death. If the deceased appellant’s case was advanced on the docket prior to his or her death, the substitute will receive the benefit of the advanced placement. 38 C.F.R. § 20.800(f). 

 

RYAN T. KESSEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board William Pagan, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.